Case 7:26-cr-00482-VB Document 7-1 Filed 10/28/26 Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Noel Earl Cox,

*Defendant.*

**Protective Order**

**26 Cr. 482 (VB)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of,

b. The defense team will not submit Disclosure Materials to a publicly accessible version of an AI tool (e.g., ChatGPT, Claude, Grok, Gemini, Copilot, Perplexity, Midjourney, Canva). The defense team will not submit Disclosure Materials to an AI tool for which the AI tool provider or vendor (e.g., OpenAI, Anthropic, Microsoft, Google) uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data.

c. The defense may submit Disclosure Materials to an AI tool (i) that maintains the confidentiality of Disclosure Materials; (ii) that will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials; and (iii) that will not retain or use any Disclosure Materials for model training, provided that (iv) all Disclosure Materials will be removed from the AI tool(s) at the conclusion of this case.

d. The Government will not submit any reciprocal discovery provided by the defense ("Defense Materials") to a publicly accessible version of an AI tool. The Government will not submit Defense Materials to an AI tool for which the AI tool provider or vendor uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data.

e. The Government may submit Defense Materials to an AI tool (i) that maintains the confidentiality of Defense Materials; (ii) that will not expose any Defense Materials to third parties not authorized under this Protective Order to receive such materials; and (iii) that will not retain or use any Defense Sealed Materials for model training, provided that (iv) all Defense Materials will be removed from the AI tool(s) at the conclusion of this case.

## Other Provisions

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

7. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court.[1] The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the

---

[1] The defense must, prior to seeking de-designation by the Court, identify for the Government which materials the defense seeks to de-designate. For the avoidance of doubt, nothing in this Order prevents either the defense or the Government from requesting leave from the Court to submit all or part of its argument on the appropriateness of de-designation on an ex parte basis, consistent with applicable law.

Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________ Date: October 28, 2026
Nikita Kansra
Assistant United States Attorney

______________________ Date: 10/28/26
Nicholas Wiltsie
Counsel for Noel Earl Cox

SO ORDERED:

Dated: New York, New York
October 29, 2026

THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE